# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff

v.                                                      No. 2:92-cv-02062

**STATE OF TENNESSEE, et al.,**

    Defendants, and

**PEOPLE FIRST OF TENNESSEE and
PARENT-GUARDIAN ASSOCIATION
OF ARLINGTON DEVELOPMENTAL
CENTER,**

    Intervenors.

## REPORT AND RECOMMENDATION ON SCHEDULING
## RELATED TO PENDING MOTIONS

This matter came before the Court by order of reference for a report and recommendation on the telephonic status conference noticed for February 2, 2011. After conducting the status conference as scheduled and considering the arguments of counsel along with the record in this cause, the Court issues the following report and recommendation.

**I. Relevant Facts**

Three motions are currently pending in this case: (1) Intervenor Class Representative's ("People First") Motion for an Order to the State of Tennessee Defendant to Proceed with Enrollment of at Risk Class Members and to Appeal Denial of Class Membership by Defendants

filed October 22, 2010 (D.E. #2604); (2) Defendants' Motion to Vacate All Outstanding Injunctive Relief and to Dismiss the Case filed November 3, 2010 (D.E. #2605); and (3) Plaintiff United States of America's Motion to Enforce the 2006 Settlement Agreement filed November 5, 2010 (D.E. #2608).  On November 19, 2010, Defendants filed responses in opposition to the motions filed by People First and the United States.  People First and the United States have not responded to Defendants' motion because, by order entered November 5, 2010, the District Court found that the motion should be held in abeyance "until such time as the Court directs a response from the other parties to this case."  (D.E. #2609: Order Holding in Abeyance Defs.' Mot. to Vacate All Outstanding Injunctive Relief and Dismiss the Case at 2, Nov. 5, 2010.)

       The parties agree that People First's motion and the motion of the United States are substantially the same and that the two motions should be addressed simultaneously.  The parties disagree, however, as to when the District Court should consider the two motions.  The United States and People First request a four-month period of discovery related to the two motions and then a hearing date thirty days thereafter.  The United States and People First further request that the Court take no action on Defendants' motion to vacate at this time.  Defendants maintain that their motion to vacate should be addressed before proceeding to discovery related to the motions of People First and the United States because these two motions will become moot if the motion to vacate is granted.  Defendants also contend that the continued costs of this litigation to the State of Tennessee necessitate a ruling on the motion to vacate as soon as reasonably practicable.

       The Court believes that discovery should proceed on the motions filed by the United States and People First because the discovery taken for these two motions may also be relevant

to the issues raised in Defendants' motion to vacate. The Court further believes that proceedings on Defendants' motion to vacate should not be held in abeyance indefinitely and that a briefing schedule should be established for the motion.

## II. Recommendation

It is therefore **RECOMMENDED** that the District Court allow the parties four months to conduct discovery as to the motions of People First and the United States and that a hearing before the District Court be set sometime thereafter. As to Defendants' motion to vacate, it is **RECOMMENDED** that People First and the United States file responses within five months, that Defendants be permitted to file a reply one month thereafter, and that a hearing then be set before the District Court.

Dated this 4th day of February, 2011.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**