# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 92-2062 |
| STATE OF TENNESSEE, et al., | ) |
| Defendants, and | ) |
| PEOPLE FIRST OF TENNESSEE and PARENT-GUARDIAN ASSOCIATION OF ARLINGTON DEVELOPMENTAL CENTER, | ) |
| Intervenors. | ) |

## ORDER ON REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND SETTING SCHEDULE FOR DISPOSITION OF PENDING MOTIONS

Before the Court is the Report and Recommendation of the United States Magistrate Judge recommending a schedule for consideration of the three motions currently pending in this case. (D.E. #2655.) The three motions are as follows: (1) Intervenor Class Representative's ("People First") Motion for an Order to the State of Tennessee Defendant to Proceed with Enrollment of at Risk Class Members and to Appeal Denial of Class Membership by Defendants filed October 22, 2010; (2) Defendants State of Tennessee et al.'s ("Defendants") Motion to Vacate All Outstanding Injunctive Relief and to Dismiss the Case filed November 3, 2010; and

(3) Plaintiff United States of America's ("United States") Motion to Enforce the 2006 Settlement Agreement filed November 5, 2010.

By order entered November 5, 2010, the Court found that Defendants' motion to vacate should be held in abeyance until such time as it directed a response from the other parties. The parties agree that the motions filed by the United States and People First are substantially the same and should be considered together. The parties, however, cannot agree as to when the Court should consider Defendants' motion. Defendants request that their motion be considered as soon as possible, while the United States and People First seek to have their motions considered first. The United States and People First also seek four months to conduct discovery relevant to their motions.

The Magistrate Judge recommends four months to conduct discovery as to the motions filed by the United States and People First and for the Court to conduct a hearing on the two motions at some point thereafter. The Magistrate Judge further recommends that the Court continue to hold Defendants' motion to vacate in abeyance for a period of five months and that the other parties be relieved of responding to the motion until discovery on the other two motions is complete. On February 15, 2011, Defendants State of Tennessee et al. ("Defendants") filed objections to the report and recommendation, arguing that the Magistrate Judge erroneously concluded that the discovery to be taken in relation to the other two motions would also be relevant for Defendants' motion to vacate.

After considering the pending motions, the report and recommendation, Defendants' objections, and the entire record in this cause, the Court finds that consideration of Defendants' motion to vacate should take priority over the other two motions. Discovery is not necessary for resolution of Defendants' motion, and no party has previously asked for discovery on that

motion. The Court further agrees with Defendants that the parties should not expend time and resources on discovery for motions that would be moot if Defendants' motion is granted. Accordingly, the Court directs the parties to file responses to Defendants' motion to vacate on or before **April 25, 2011**. Defendants shall have until **May 6, 2011** to file a reply. The Court will hear oral argument on Defendants' motion at **8:30 a.m. on Wednesday, May 11, 2011**.

Because the motions filed by the United States and People First will become moot if Defendants' motion is granted, the Court will hold discovery on those motions in abeyance until the hearing of May 11, 2011 and, if necessary, set a discovery and briefing schedule for those motions at that time.

**IT IS SO ORDERED**, this the 8th day of April, 2011.

s/Bernice Bouie Donald
**BERNICE BOUIE DONALD**
**UNITED STATES DISTRICT JUDGE**